IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEREK A. BENNETT,

      Plaintiff,

      v.                                          Civ. No. 21-939 SCY

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

      Defendant.

## ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES

**THIS MATTER** comes before the Court on Plaintiff's Attorney's Motion For An Award Of Attorneys Fees Under 42 U.S.C 406(b), Doc. 31, and Supporting Memorandum, Doc. 32, filed October 10, 2023. The Commissioner indicates she is not a party to § 406(b) fee awards and "neither supports nor opposes" the request. Doc. 39 at 1; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants"). Having considered the Motion and the relevant law, the Court grants in part and denies in part Plaintiff's Motion.

## BACKGROUND

Plaintiff's application for benefits came to this Court twice, both times resulting in an Unopposed Motion for Remand filed by the Commissioner, which the Court granted by stipulated order. AR 100-1011; Doc. 25. Counsel requested and was awarded EAJA fees both times, but this award was subject to an offset which, when applied, resulted in counsel receiving no EAJA fees. Doc. 32 at 2. On remand the second time, the agency granted Plaintiff's application and Plaintiff was awarded total past-due benefits totaling $103,541.001. *Id.* On

August 2, 2023, the agency notified Plaintiff it would withhold $25,885.25 from past-due benefits for attorney's fees. Doc. 32-3 at 1-2.

Plaintiff's attorneys, Keller & Keller LLP, now seek the full amount of $25,885.25 in attorneys' fees pursuant to 42 U.S.C. § 406(b)(1), and argue that this constitutes the 25% of past-due benefits statutorily authorized for attorneys' fees for representation in court proceedings, represents a fair fee, and is justified by the time expended on this case, the result achieved, and the skill of the attorneys. Doc. 32.

## LEGAL STANDARD

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the Agency and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b).

For representation in court proceedings, a court may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006). If the available agency withholding is less than the amount awarded to counsel under § 406(b), counsel must look to the claimant rather than the agency to recover the difference. See *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008).

Although § 406(b) permits contingency fee agreements, it requires the reviewing court to

act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number. *Id*. at 807 n.17. In acting as an "an independent check" to ensure that fees are reasonable, there is no presumption that 25% of the past-due benefits is reasonable. *Id.* at 807 n.17.

Counsel bears the burden of demonstrating the reasonableness of the fees. *Id*. at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to the reasonableness of the fee request include: (1) the character of the representation and the results the representative achieved; (2) whether the attorney was responsible for any delay; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

## REASONBLENESS DETERMINATION

The full amount of counsel's fee request is not reasonable. Some factors weigh in favor

of the request and others weigh against it. First, although the motion does not address the issue of timeliness, the Court will not deny the petition on the basis of untimeliness.[1] There is no evidence that counsel delayed in the proceedings before this Court. Further, counsel's representation was more than adequate and eventually yielded a fully favorable decision from the agency. On the other hand, counsel represents his firm spent 17.75 hours of attorney time and 17 hours of non-attorney staff time. Doc. 32 at 5. Counsel argues that "This equates to approximately [a] $744.90 per hour fee." *Id.* While this mathematical calculation is accurate, it does not account for the difference in a reasonable fee for attorneys versus a reasonable fee for staff. In addition, because this proposed hourly fee is so high, the Court finds that it is not reasonably proportionate to the time counsel spent on the case. *Gisbrecht*, 535 U.S. at 809.

In *Cole v. Berryhill*, I stated that a rate of $500 per hour would be more reasonable and consistent with previous awards both by this Court and other decisions in this District. Doc. 40, No. 14cv1167 SCY (order dated October 20, 2017). In 2021, I imposed a reasonable fee ceiling of $550 per hour. *Martinez v. Kijakazi*, Doc. 29, No. 19-980 SCY (September 30, 2021). I recognize that the cost of legal services continues to rise, and so should the amount of a reasonable fee. However, I am not willing to award the full amount of the requested fee. I find that, given the scope of the work done in this Court, a fee of $600 per hour for attorney time and $250 an hour for staff time is appropriate. These rates are higher than I would award in a lodestar statutory fee-shifting context. The rate here is justified, however, because of counsel's efficiency in reaching a favorable result (counsel received a favorable result through the expenditure of a relatively modest amount of time). This amount totals $14,900.

---

[1] Nonetheless, in an effort to expedite the payment of benefits to the claimant, the Court would prefer, in the future, that such motions be filed within one month. Here, the Notice of Award is dated August 2, 2023 and the present motion was filed on October 10, 2023.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. The Court hereby authorizes $14,900 in attorney fees for legal services rendered in the United States District Court, payable to Keller & Keller LLP, to be paid from the claimant's past-due benefits. Counsel must refund to Plaintiff any EAJA fees that were not previously garnished under the Treasury Offset Program.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by consent**